UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL BOYD, | Civil Action No. 13-3094 (CCC) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| SCO MILLS et al., | |
| Defendants. | |

This matter comes before the Court upon Defendants' timely removal of Plaintiff's action commenced before the Superior Court of New Jersey, Law Division. See Docket Entry Nos. 1 and 1-1. Defendants duly prepaid the applicable filing fee. See Docket Entry No. 1.

Plaintiff's complaint asserts § 1983 challenges. See Docket Entry No. 1-1, at 6-9. Specifically, Plaintiff alleges as follows:

> On January 24, 2013 at approx[imately] 12:30 PM, [Plaintiff] was called to the west arcade for an unknown reason. Upon entering the west arcade [Plaintiff] was informed that he must return an emergency telephone call to his sister. At this point [Plaintiff] declined to comply, stating that he did not wish to call his sister[.] At this point [Plaintiff] was verbally abused and threatened with an act of violence against his body by SCO Mills, Social Worker Ms. Dolly and Dr. Brown. [Plaintiff] would also like to add UMDNJ and Robin Wittenstein as parties to the suit as Dr. Brown is employed by them. Being that [Plaintiff] is incarcerated and housed at Bayside State Prison at the time of the incident, his 8th [A]mendment [right] has been violated. Rebecca Smith is a party [to] the suit because she had knowledge that the phone call did not have to be returned if a person so declines. [Plaintiff] is seeking an unspecified amount of damages for emotional and mental distress.

Docket Entry No. 1-1, at 8-9 (quotation marks omitted).

Plaintiff's challenges are facially without merit.

To survive dismissal "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief," and will be dismissed. Id. at 678 (citations and internal quotation marks omitted); see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210-211 (3d Cir. 2009) ("[A] complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to show such an entitlement with its facts") (internal quotation marks omitted). The Court is mindful, however, that the sufficiency of this pro se pleading must be construed liberally in favor of the plaintiff, even after Iqbal.[1] See Erickson v. Pardus, 551 U.S. 89 (2007).

Here, Plaintiff's claims against the entities and individuals implicated solely on the basis of the respondeat superior theory (or named as Defendants without any factual allegations suggesting their personal involvement in the alleged incident) are necessarily deficient. See

---

[1] Where the plaintiff did not pay the filing fee in federal court, and the defendants paid the full filing fee upon removal, the court is "obliged to screen [p]laintiff's . . . [c]omplaint in accordance with the Prison Litigation Reform Act of 1995, . . . , 28 U.S.C. § 1915. [Moreover,] even though Defendants [did not formally move for dismissal, the Court must perform its] obligatory screening [function] under the PLRA." Lark v. Dillman, No. 13-0335, 2013 U.S. Dist. LEXIS 43666, at *4 and n.4 (M.D. Pa.. Mar. 5, 2013). Furthermore, where "a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the Court is obligated to screen the complaint regardless of whether the prisoner pays the applicable filing fee. See 28 U.S.C. § 1915A ("The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action . . . ."); accord Evans v. Seaford Police Dep't, No. 11-0195, 2012 U.S. Dist. LEXIS 46817, at *1 (D. Del. Apr. 3, 2012).

2

Iqbal, 556 U.S. at 675 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."); see also Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . ."). Thus, claims against all parties, short of Defendants "SCO Mills, Social Worker Ms. Dolly and Dr. Brown," are subject to dismissal.

Moreover, Plaintiff's claims against these remaining Defendants fail to state a cognizable claim. Acts of verbal harassment, while ethically or aesthetically reprehensible, cannot qualify as violations of the Eighth Amendment.[2] See Stepney v. Gilliard, No. 02-5259, 2005 U.S. Dist. LEXIS 31889, at *19 (D.N.J. Dec. 8, 2005) ("[V]erbal harassment and taunting is neither 'sufficiently serious' nor 'an unnecessary and wanton infliction of pain' under the common meaning of those terms. 'Verbal harassment or profanity alone . . . no matter how inappropriate, unprofessional, or reprehensible it might seem,' does not constitute the violation of any federally protected right and therefore is not actionable under [Section] 1983") (quoting Shabazz v. Pico, 994 F. Supp. 460, 474 (S.D.N.Y. 1998)); see also Robinson v. Taylor, No. 04-1202, 2005 U.S. Dist. LEXIS 20951, at *8-9 (D. Del. Sept. 26, 2005) ("[M]ere verbal harassment does not give rise to a constitutional violation[; even if it is] inexcusable and offensive, [it] do[es] not establish liability under section 1983") (quoting McBride v. Deer, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001)), vacated in part on other grounds, No. 05-4492, 204 F. App'x 155 (3d Cir. 2006); Prisoners' Legal Ass'n v. Roberson, 822 F. Supp. 185, 187-89 (D.N.J. 1993)); Abuhouran v. Acker, No. 04-2265, 2005 U.S. Dist. LEXIS 12864, at *15 (E.D. Pa. June 29, 2005) ("It is well

---

[2] "The Constitution protects rights and freedoms, but it does not enshrine a code of personal civility." Hogan v. Twp. of Haddon, No. 04-2036, 2006 U.S. Dist. LEXIS 87200, at *34 (D.N.J. 2006), aff'd, No. 07-1039, 278 F. App'x 98, 103 (3d Cir. 2008).

established . . . that . . . verbal harassment, . . . standing alone, do[es] not state a constitutional claim") (citing Dewalt v. Carter, 224 F.3d 607, 612 (7th Cir. 1999); Williams v. Bramer, 180 F.3d 699, 706 (5th Cir. 1999); Maclean v. Secor, 876 F. Supp. 695, 698 (E.D. Pa. 1995)); accord Collins v. Cundy, 603 F.2d 825 (10th Cir. 1979) (dismissing a prisoner's claim that defendant laughed at the prisoner and threatened to hang him). Here, Plaintiff asserts nothing but a directive to return his sister's emergent phone call and unspecified verbal threats in response to his refusal to comply. These allegations fail to state a claim of constitutional magnitude and, thus, will be dismissed.

For the foregoing reasons, Plaintiff's complaint will be dismissed without prejudice. To the extent the deficiencies in Plaintiff's claims can be cured by way of amendment, Plaintiff is granted fourteen (14) days to file an Amended Complaint solely for purposes of amending such claims.

An appropriate Order follows.

_____
**Claire C. Cecchi**
**United States District Judge**

Dated: July 31, 2013